UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BISHOP,

                Petitioner,          Case Number 21-11367
                                      Honorable David M. Lawson

v.

JONATHAN HEMINGWAY,

                Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Edward Bishop is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a conviction for discharging a firearm during a drug transaction, which was entered by the United States District Court for the Northern District of Indiana. His petition does not state a claim for which relief can be granted, and it will be dismissed.

I.

Bishop was convicted following a jury trial in the United States District Court for the Northern District of Indiana of discharging a firearm during a drug transaction in violation of 18 U.S.C. § 924(c). He was sentenced to 120 months in prison. The conviction was affirmed on direct appeal. *United States v. Bishop,* 910 F.3d 335 (7th Cir. 2019).

Bishop then filed a motion to vacate sentence under 28 U.S.C. § 2255 in which he raised two of the claims that he brings in his present petition for a writ of habeas corpus. The motion to vacate sentence was denied. *Bishop v. United States*, No. 17-CR-55, 2019 WL 3531264 (N.D.

Ind. July 31, 2019); *app. dism. Bishop v. United States,* No. 20-1321, 2020 WL 8921410, at *1 (7th Cir. Sept. 11, 2020).

Bishop asks for habeas corpus relief from his conviction on the following grounds: (1) he was convicted of a non-existent offense instead of the section 924(c) charge on which he had been indicted by the grand jury, (2) the verdict form constructively amended Bishop's indictment, and (3) the miscarriage of justice question should be decided based on Sixth Circuit caselaw.

II.

District courts must screen habeas corpus petitions when they are filed and dismiss them if they do not set forth facts that give rise to a cause of action under federal law, *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001), or when they appear legally insufficient on their face, *McFarland v. Scott,* 512 U.S. 849, 856 (1994); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No response is required when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state.  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).  Rule 4's screening requirements apply to petitions filed under section 2241.  *Perez,* 157 F. Supp. 2d at 796.

A prisoner generally may challenge his federal conviction or sentence only by means of a motion under 28 U.S.C. § 2255.  *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).  A motion under section 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him.  *See* 28 U.S.C. § 2255(a).  A petition challenging the manner or execution of a sentence is appropriate under section 2241.  *Hill*, 836 F.3d at 594.  In this case, Bishop is attacking his sentence, but is doing so under section 2241.

The Sixth Circuit has held that section 2255 includes a limit on the district court's subject matter jurisdiction.  *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) ("A district court has no

jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully."). However, section 2255's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction under section 2241 rather than section 2255, but only if it appears that "the remedy" afforded under section 2255 "is inadequate or ineffective to test the legality of his detention." *Hill*, 836 F.3d at 594 (quoting 28 U.S.C. § 2255(e)); *see also Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is not an "additional, alternative or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner; the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

The essence of the petition is that the offense of conviction is "non-existent" because the indictment confounds the "using or carrying . . . during . . ." language with the "possession . . . in furtherance of" language. *See United States v. Combs*, 369 F.3d 925, 932-33 (6th Cir. 2004). He argues that Sixth Circuit precedent permits him to challenge his conviction via section 2241. He is incorrect. Bishop cannot challenge his conviction or sentence in a section 2241 habeas petition because his case does not meet any exception under *Hill* that might qualify under the savings clause of section 2255.

First, the Sixth Circuit in *Hill* expressly limited its holding to a federal prisoner who sought to challenge his sentencing enhancement as a career offender under section 2241 via the section 2255(e) savings clause where a retroactive change in statutory interpretation by the Supreme Court indicated that a petitioner's previous conviction could not be used as predicate offense for a career-offender enhancement. Bishop does not challenge any sentence enhancement as a career offender.

- 3 -

Second, Bishop already raised the claims found in his current habeas petition in his prior motion to vacate sentence.  A federal prisoner cannot bring a claim of actual innocence in a section 2241 petition through the saving clause absent a showing that he had no prior reasonable opportunity to bring his claim for relief.  *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). A federal prisoner can make this showing "by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim."  *Taylor*, 990 F.3d at 499.  But Bishop has not identified a Supreme Court decision that post-dates his motion to vacate sentence that would support his actual innocence claim.  He had a reasonable opportunity to bring his claims in his prior motion to vacate sentence.  He is not entitled to habeas relief on his claims.

Finally, Bishop is not entitled to habeas relief on his claims because they are virtually identical to the claims that he raised in his motion to vacate sentence and which were rejected by the trial court.  Habeas corpus relief is unavailable to a federal prisoner like Bishop whose claims have already been ruled upon adversely in a prior proceeding.  *See e.g. Sandles v. Scott,* 26 F. Supp. 2d 1355, 1356-57 (N.D. Ga. 1998).  Under the doctrine of claim preclusion, a final judgment bars any and all claims by a litigant based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994).  Bishop's habeas petition is barred by the doctrine of claim preclusion, because his claims are virtually identical to the claims that he raised in his prior motion to reduce the sentence before the United States District Court for the Northern District of Indiana.  *See, e.g., Lanthron v. United States,* 3 F. App'x 490, 491 (6th Cir. 2001); *see also Smith v. Reno,* 3 F. App'x 403 (6th Cir. 2001).  Because Bishop's substantive claims have already been decided adversely against him in his prior motion to vacate sentence, he

is unable to raise these claims again in a section 2241 habeas petition.  *See Casey v. Hemingway,* 42 F. App'x 674, 676-77 (6th Cir. 2002).

III.

Because Bishop has not identified any basis for invoking the savings clause in 28 U.S.C. § 2255(e), the Court has no subject matter jurisdiction over the petition for a writ of habeas corpus submitted under 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 21, 2021